### Reynolds and Others *v.* Davidson's Administrator and Others.

MORTGAGE.—DEED.—A executed a conveyance to a trustee for the use of his infant son B, in which it was recited that A had received the sum of $3,000 belonging to his son. The consideration of the conveyance was declared to be "the said sum of three thousand dollars, or so much thereof as the premises hereinafter described may be worth, and the sum of one dollar." Covenants of seizin and of warranty were contained in the instrument, and there was no defeasance nor any covenant to pay the said sum of three thousand dollars.

*Held,* that the instrument was not a mortgage but a deed, by which a title in fee passed to the son, in satisfaction of so much of the debt as the land was worth.

APPEAL from the *Jefferson* Circuit Court.

GREGORY, J.—*Davidson's* administrator, and his heirs at law, filed their complaint against *Henry Francis Reynolds, Tyre Pogue,* and the heirs at law of *John A. Reynolds,* deceased, to foreclose an instrument claimed to be a mortgage, executed in 1847 by *John A. Reynolds* to his minor son *Henry Francis Reynolds.*

The main question in the case, and the one that disposes of all others, is, does the instrument which is the founda-

tion of the action, on its face, amount to a mortgage? The court below charged that it did. The instrument is substantially as follows: "This indenture made," &c., "by and between *John A. Reynolds*, of," &c., "of the first part, and *Tyre Pogue*, of," &c., "of the second part, witnesseth, that whereas the said *John A. Reynolds*, who is father and natural tutor of his son *Henry Francis Reynolds*, who was born in the State of *Louisiana*, and who, by the laws of that State, inherited property from his deceased mother to a large amount, which property, and the proceeds thereof, to the amount of three thousand dollars, or more, have come into the hands and been used by the said *John A. Reynolds*," &c. "The said sum, three thousand dollars, or so much thereof as the premises hereinafter described may be worth, and in consideration of the sum of one dollar, to me in hand paid by the said *Tyre Pogue*, the receipt of which is hereby acknowledged, the said *John A. Reynolds* has this day bargained and sold, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said *Tyre Pogue*, for the use of and in trust for the said *Henry Francis Reynolds*, his heirs and assigns forever, the following premises," (here follows the description of the land,) "to have and to hold the said premises, with the appurtenances and privileges thereunto belonging, or in any wise appertaining, to the said *Tyre Pogue*, his heirs, executors and administrators, to and for the use of, and in trust for, the said *Henry Francis Reynolds*, his heirs and assigns forever." Then follow covenants of seizin, against incumbrances, and general warranty.

It is claimed that this instrument, on its face, shows that it was given to secure the debt of three thousand dollars due from the father to the son. We think otherwise. The conveyance is absolute; there is no defeasance, nor is there any covenant to pay. We hold that it conveyed the land in fee to *Henry Francis Reynolds*, in satisfaction of his debt, to the extent of the value of the land. *Henry Francis*, on arriving at full age, had his election to repudiate the trans-

action, or to accept the conveyance. If he elected to do the latter, then his debt, to the extent of the value of the land conveyed, was thereby satisfied. The question of value could have been settled in a suit by *Henry Francis* against his father for the balance, if any had been claimed.

There are other questions argued, but with this view of the case they have no bearing on the final result, nor are they questions in the case. The court below erred in over-ruling the motion for a new trial.

The judgment is reversed, with costs, and the cause remanded, with directions to grant a new trial, and for further proceedings.

*H. W. Harrington* and *C. A. Korbly*, for appellants.

*C. E. Walker*, for appellees.